UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22208-Civ-COOKE/TURNOFF

PETER LOPEZ, *et al.*,

    Plaintiffs
vs.

COLONIAL GROUP OF AMERICA CORP.,
*et al.*,

    Defendants.
_____/

**ORDER GRANTING
DEFENDANT'S MOTION TO VACATE CLERK'S DEFAULT**

THIS CASE is before me on the Defendant Patriot Protective Group Security and Investigations, LLC's Motion to Vacate Clerk's Default and Incorporated Memorandum of Law. ECF No. 65. I have reviewed the arguments, the record, and the relevant legal authorities. Given the procedural history of this case, I find that good cause exists to set aside the default in this matter.

**I. BACKGROUND**

On June 12, 2012, Plaintiffs filed their initial Complaint against Defendants Ivan Hadfeg ("Hadfeg"), Patriot Protective Group Security, and Investigations, LLC ("Patriot"), and Colonial Group of America Corp. ("Colonial"). ECF No. 1. Subsequently, Plaintiffs filed three amended complaints, with the Third Amended Complaint (ECF No. 48) being filed on October 3, 2012. In their Third Amended Complaint, Plaintiffs allege three counts: compensation for unpaid overtime under the Fair Labor Standards Act ("FLSA") (Count I); retaliatory discharge in violation of the FLSA (Count II); and declaratory relief regarding the FLSA violations (Count III). Third

Am. Compl. ¶¶ 26-55.

On July 17, 2012, Hadfeg filed a Suggestion of Bankruptcy requesting that the claims against him be stayed pending further order of the Bankruptcy Court of the Southern District of Florida.  ECF No. 15.  Accordingly, on August 13, 2012, I stayed the case as to Hadfeg.  ECF No. 30.  However, Hadfeg was under the mistaken belief that any claim against Patriot also would be stayed by the suggestion of bankruptcy because Hadfeg is the sole owner of Patriot.  Mot. to Vacate ¶ 8; *see also* Hadfeg Aff. ¶ 11.  Therefore, Defendants' former counsel of record filed an Answer and Affirmative Defenses to the Third Amended Complaint only in the name of Colonial, omitting both Hadfeg and Patriot.  ECF No. 21.

As a result of the mistake, Plaintiffs filed a Motion for Clerk's Default alleging that Patriot had failed to file a pleading in response to the Complaint within 21 days of being served with the Third Amended Complaint.  Mot. for Default ¶¶ 1-4, ECF No. 57.  On December 12, 2012, the Clerk entered its Order of Default.  ECF No. 59.  Hadfeg contends that if he had known that he needed to file an answer on behalf of Patriot, he would have simply added Patriot to the Answer and Affirmative Defenses.  Mot. to Vacate ¶ 12.  Therefore, but for that mistake, Patriot's answer would have been timely and it would not be in default.  *Id.* at ¶ 13.

## II. LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that a "court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default."  *In re Fortner*, No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing

*Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984)).  The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits.  *See Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  Therefore, to obtain relief under Rule 55(c), the movant only must make a bare minimum showing to support its claim for relief.  *Fortner*, 2012 WL 3613879, at *7 (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

In determining whether a movant has demonstrated "good cause," courts have recognized several factors: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default."  *S.E.C. v. Johnson*, 436 F.App'x 939, 945 (11th Cir. 2011).  These factors are only guidelines and not "talismanic."  *Fortner*, 2012 WL 3613879, at *7 (citing *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).

### III. ANALYSIS

Patriot contends that he has met the burden to show "good cause" because the default resulted from Hadfeg's simple mistake and was neither culpable nor willful.  Mot. to Vacate 4.  Further, upon discovering the default, Patriot timely moved to vacate it.  *Id.* at 5.  Patriot also contends that because it filed its motion only 16 days after the default, Plaintiffs would not suffer prejudice by setting aside the default, and that Patriot has prepared a meritorious defense.  *Id.*  Finally, Patriot argues that a default judgment would constitute a significant financial loss to Patriot.  *Id.*

Patriot has demonstrated the requisite "good cause" exists because each of the foregoing factors weigh in favor of vacating the clerk's default. First, I find that the default was not culpable or willful as Patriot has sufficiently demonstrated that it was a result of the mistaken belief that the stay also applied to Hadfeg's wholly owned company. *Id.* at ¶ 8. Further, nothing in the record suggests that the Plaintiffs would be prejudiced, nor have the Plaintiffs presented any argument regarding any prejudice they would suffer.

Next, Patriot indicates that it would have filed its answer with Colonial, demonstrating that the same meritorious arguments made in that Answer would be adopted by Patriot. *Id.* at ¶ 12. Patriot also asserts that is has already prepared an answer and affirmative defenses and is "prepared to mount a meritorious defense." *Id.* at 5. I do not have to address whether these arguments have merit, but only engage in the limited inquiry of whether Patriot's allegations are entirely devoid of merit. *See Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (noting the likelihood of a defense's success "is not the measure"). Here, Colonial's Answer demonstrates that Patriot has colorable arguments to assert its defense. *See* Colonial Answer, at 2-8, ECF No. 60.

Patriot next contends that if a default judgment was entered against it, it would suffer significant financial loss. I agree. *See Daytona Tourist Charter Corp. v. Broward Servs. Ltd.*, No. 12-20221, 2012 WL 3042992, at *2 (S.D. Fla. July 25, 2012). Finally, the record indicates that Patriot acted promptly to correct the default in question. The default was entered against Patriot on December 12, 2012, 16 days before Patriot filed its

Motion to Vacate. Therefore, I cannot find that Patriot was willfully ignoring this action and manifesting any intentional disrespect for the Court. *Griffin*, 2008 WL 162754, at *2 (finding that a motion to vacate filed less than three weeks after the clerk's default was a reasonable time to respond).

### III. CONCLUSION

Accordingly, Patriot's Motion to Vacate the Clerk's Default (ECF No. 65) is **GRANTED**. It is **ORDERED and ADJUDGED** that the Clerk's Default entered against Defendant Patriot Protective Group Security and Investigations, LLC is **VACATED**. Patriot shall file its response to Plaintiffs' Complaint on or before April 15, 2013.

**DONE and ORDERED** in chambers at Miami, Florida, this 12th day of April 2013.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*